**FILED**

**JANUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ROSS MIDWEST, INC., an Illinois corporation and C. GREGORY INGOLD, individually | ) ) ) |
| Defendants. | ) |

**08 C 283**

**JUDGE ST. EVE
MAGISTRATE JUDGE ASHMAN**

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL

COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE

FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION

PROMOTION FUND ("LABOR/MANAGEMENT FUND") (hereinafter collectively the "Trust

Funds"), and their respective trustees, by their attorney, Kevin P. McJessy, complain of

defendant ROSS MIDWEST, INC. ("Company") and C. GREGORY INGOLD ("Ingold")

individually and doing business as Ross Midwest, Inc. (Company and Ingold are referred to

herein as "Defendants" as follows.

<h3 style="text-align:center">SUMMARY OF CLAIM</h3>

Trust Funds bring this action against the Defendants under ERISA to compel an audit of

Defendants' contributions to the Trust Funds and to collect unpaid contributions, interest,

liquidated damages, auditor fees and attorneys fees and costs that the Defendants owe to the

Trust Funds pursuant to the terms of the Collective Bargaining Agreements and the Trust

Agreements.

<h3 style="text-align:center">JURISDICTION</h3>

1.    This Court has jurisdiction over this matter based on questions arising under §502

of the Employee Retirement Income Security Act (hereinafter "ERISA") and §301 of the Taft-

Hartley Act.  (29 U.S.C. §§ 1132 and 185).

<h3 style="text-align:center">VENUE</h3>

2.    Venue is proper in this District because the Trust Funds are multi-employer

employee benefit plans, which are located in and administered in Chicago, Illinois.

<h3 style="text-align:center">THE PARTIES</h3>

3.    **Trust Funds.**  The Trust Funds receive contributions from numerous employers

pursuant to the Collective Bargaining Agreements between the employers and the Chicago and

Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter "Union"), and therefore, are multi-employer plans. (29 U.S.C. §1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4.    **Ross Midwest, Inc.**  Company is an Illinois corporation that conducts business in Illinois and is engaged in a business affecting interstate commerce. Company was involuntarily dissolved on July 1, 2005. Mr. Ingold continued doing business thereafter as a sole proprietorship.

5.    **C. Gregory Ingold.**  Ingold is the President of Company. Because Company is no longer in good standing with the Illinois Secretary of State, Ingold is personally liable for Company's obligations.

**GENERAL ALLEGATIONS**

6.    On March 29, 1993, Company entered into an Agreement ("Agreement"), a true and accurate copy of which is attached as Exhibit A, whereby it agreed to be bound by the provisions of the then existing Collective Bargaining Agreement and each successive Collective Bargaining Agreement unless otherwise terminated in accordance with the terms of the Collective Bargaining Agreement.

7.    The Agreement and the Collective Bargaining Agreement bind the Defendants to the provisions of the <u>Trust Agreement</u> ("Pension Trust Agreement") which establishes the Pension Fund, to the provisions of the <u>Trust Agreement of the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of American and Builders Association of Chicago</u> ("Welfare Trust Agreement") which establishes the Welfare Fund, to the provisions of the <u>Chicago Regional Council of Carpenters Apprentice and Trainee Program Trust Agreement</u>

("Trainee Trust Agreement") which establishes the Trainee Fund, and to the Agreement and

<u>Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation</u>

<u>Promotion Fund</u> ("Labor/Management Fund Trust Agreement"). Each of these trust agreements

are hereinafter collectively referred to as the "Trust Agreements".

  8. The Agreement, Trust Agreements and Collective Bargaining Agreement require

Defendants to pay fringe benefit contributions to the Trust Funds.

  9. The Agreement, Trust Agreements, Collective Bargaining Agreement and ERISA

require Defendants to produce books and records sufficient for the Trust Funds or their designees

to conduct an audit to determine whether Defendants have accurately reported and paid

contributions it owes to the Trust Funds.

  10. The Agreement, Trust Agreements and Collective Bargaining Agreements require

Defendants to contribute to the Trust Funds for each hour worked by Defendants' employees

performing jurisdictional work at the rate and in the manner specified in the Collective

Bargaining Agreements and the Trust Agreements.

  11. The Agreement, Trust Agreements and Collective Bargaining Agreements require

the Defendants to contribute to the Trust Funds according to the hours worked by subcontractors

performing jurisdictional work which have not signed a Collective Bargaining Agreement with

the Union.

<u>COUNT I</u>

  12. The Pension Fund hereby incorporates paragraphs 1- 11 above as though fully set

forth herein.

  13. Defendants breached the provisions of the Trust Agreements and the Collective

Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded

4

and/or by failing to pay the Pension Fund contributions owed for work done by carpenters, employees and/or subcontractors.

14.    The Collective Bargaining Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

15.    The Pension Fund has complied with all conditions precedent in bringing this suit.

16.    The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Pension Fund.

17.    Defendants must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

18.    This Court should award the Pension Fund interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

19.    This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)    interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendants:

A.    to provide access to records so that the Pension Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.    to pay any and all amounts the Pension Fund may discover to be due pursuant to the audit that they request in this action;

C.    to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.     to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.     to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

20.     The Welfare Fund hereby incorporates paragraphs 1 - 11 above as though fully set forth herein.

21.     Defendants breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and/or by failing to pay the Welfare Fund contributions owed for work done by carpenters, employees and/or subcontractors.

22.     The Collective Bargaining Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

23.     The Welfare Fund has complied with all conditions precedent in bringing this suit.

24.     The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Welfare Fund.

25.     Defendants must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

26.     This Court should award the Welfare Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

27.     This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendants:

A.   to provide access to records so that the Welfare Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.   to pay any and all amounts the Welfare Fund may discover to be due pursuant to the audit that they request in this action;

C.   to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.   to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.   to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.   to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

28.   The Trainee Fund hereby incorporates paragraphs 1 - 11 above as though fully set forth herein.

29.   Defendants breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and/or by failing to pay the Trainee Fund contributions owed for work done by carpenters, employees and/or subcontractors.

30.   The Collective Bargaining Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

31.   The Trainee Fund has complied with all conditions precedent in bringing this suit.

32.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Trainee Fund.

33.     Defendants must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

34.     This Court should award the Trainee Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

35.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendants:

A.     to provide access to records so that the Trainee Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.     to pay any and all amounts the Trainee Fund may discover to be due pursuant to the audit that they request in this action;

C.     to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.     to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.     to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.     to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

36.     The Labor/Management Fund hereby incorporates paragraphs 1 - 11 above as though fully set forth herein.

37.    Defendants breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and/or by failing to pay the Labor Management Fund contributions owed for work done by carpenters, employees and/or subcontractors.

38.    The Collective Bargaining Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

39.    The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

40.    The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Labor/Management Fund.

41.    Defendants must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

42.    This Court should award the Labor/Management Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

43.    This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)    interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendants:

A.    to provide access to records so that the Labor/Management Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.      to pay any and all amounts the Labor/Management Fund may discover to be due
        pursuant to the audit that they request in this action;

C.      to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.      to pay interest or liquidated damages on the amount that is due pursuant to 29
        U.S.C. §1132(g)(2)(C), whichever is greater;

E.      to pay the reasonable attorneys' fees and costs the Labor/Management Fund
        incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D);
        and

F.      to award the Labor/Management Fund such other and further relief as the Court
        deems just and equitable.


                                CHICAGO REGIONAL COUNCIL OF CARPENTERS
                                PENSION FUND, et al.


                                By: _____s/ Kevin P. McJessy_____
                                        One of Their attorneys


Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

# EXHIBIT  A

# AGREEMENT

FIRM _Ross Midwest, Inc_     Address _1555 Mittel Blvd, R_

City _WoodDale_     State _IL_     Zip _60191_     Phone _708 350 0810_

      THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE MC HENRY AND WILL COUNTIES, ILLINOIS, hereinafter sometimes referred to as the "UNION" and

_Ross Midwest, Inc_

hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1.    EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the  EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2.    EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 3 hereof and all rules and regulation adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3.    EMPLOYER  and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

4.  EMPLOYER and the UNION hereby agree to be bound by
    the Area Agreements negotiated between the Chicago
    and Northeast Illinois District Council of
    Carpenters and the various Employer Associations
    for the period beginning with the expiration date
    of the several Agreements referred to in numbered
    paragraph 3  thereof and ending on the expiration dates
    of any sucessor Agreements  thereto from year to  year
    thereafter unless the Employer gives written notice to
    the UNION of a desire to amend or terminate any of such
    Agreements at least three calendar months prior to the
    expiration of such Agreement or Agreements.

    IN WITNESS WHEREOF, the parties have executed this
    Agreement the ___2d___ day of ___March___ , 19_93_ .


EMPLOYER: _Ross Midwest, Inc_          CHICAGO AND NORTHEAST ILLINOIS
          _____          DISTRICT COUNCIL OF CARPENTERS


BY: _Michael W. Rossell   President_
    (Print or Type Name)   (Title)

_____            _____
    (Signatures)                Business Representative
                                Carpenters Local 363
                                Randy R. Meyer

page 2 of 2