UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>Plaintiffs,<br>v.<br><br>ROSS MIDWEST, INC. and C. GREGORY INGOLD,<br><br>Defendants | )<br>)<br>) Case No. 08 C 283<br>)<br>)<br>) Judge St. Eve<br>)<br>) Magistrate Ashman<br>)<br>) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, ET AL. (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move this Court pursuant to Federal Rule of Civil Procedure 55 to enter a default judgment against ROSS MIDWEST, INC. an Illinois corporation, ("Ross") and C. GREGORY INGOLD ("Ingold") (collectively "Defendants"). In support of their motion, Plaintiffs state as follows:

### COMPLAINT

1. The Trust Funds filed a complaint against the Defendants under ERISA to compel an audit of Defendants' books and records, for collection of unpaid contributions, interest and liquidated damages, for attorneys' fees and auditors' fees pursuant to the collective bargaining agreements and the trust agreements to which Defendant Ross is signatory. Because Ross was dissolved, Ingold, the company's president was named in this lawsuit individually.

### NO ANSWER OR APPEARANCE

2. Defendant was served with a copy of the summons and complaint and the proof of services has been filed with the Clerk of Court. Defendants have failed to answer or appear.

3.  Defendants have failed to submit to an audit. (*See* J. Egan Decl., ¶2, Exh. A; Rosemeyer Decl. ¶5, Exh. B)

4.  This Court should enter a default judgment against the Defendants pursuant to Federal Rule of Civil Procedure 55(a) because the Defendants have failed to answer or otherwise plead.

5.  The Trust Funds now seek entry of a default judgment against the Defendants, ordering Defendants:

   A.  to provide the Plaintiffs or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Plaintiffs may conduct an audit of Defendants' fringe benefit contributions;

   B.  to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

   C.  to pay auditor's fees incurred by the Trust Funds to date to complete the audit of Defendants' books and records and such additional auditor's fees as the Trust Funds incur to complete the audit;

   D.  to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

   E.  to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

   F   to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and any attorneys' fees that the Trust Funds will incur to obtain full compliance with this Order;

   G.  to award the Trust Funds such other and further relief as the Court deems just and equitable.

6.  A draft proposed order is attached as Exhibit C.

WHEREFORE, the Trust Funds respectfully request that the Court enter judgment in their favor which orders Defendants:

   A.  to provide the Plaintiffs or their designated auditors, James Egan & Associates, Ltd., complete access to Defendant's books records within twenty-one (21) days so that the Plaintiffs may conduct an audit of Defendants' fringe benefit contributions;

B.      to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C.      to pay auditor's fees incurred by the Trust Funds to date to complete the audit of Defendants' books and records and such additional auditor's fees as the Trust Funds incur to complete the audit;

D.      to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E.      to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F.      to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and attorneys' fees that the Trust Funds will incur to obtain full compliance with this Order; and

G.      to award the Trust Funds such other and further relief as the Court deems just and equitable.

                               CHICAGO REGIONAL COUNCIL OF CARPENTERS
                               PENSION FUND et al.


                               By:   s/ Kevin P. McJessy
                                           One of their attorneys


Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Motion for Entry of Default Judgment** to be served upon

Ross Midwest, Inc.  
c/o C. Gregory Ingold, President  
2001 Kaneville Road  
Geneva, IL 60134

C. Gregory Ingold  
2001 Kaneville Road  
Geneva, IL 60134

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, this 30th day of April 2008.

             s/ Kevin P. McJessy  
             Kevin P. McJessy

*08C283*

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>              Plaintiffs,<br>v.<br><br>ROSS MIDWEST, INC. and C. GREGORY INGOLD,<br><br>              Defendants | Case No. 08 C 283<br><br>Judge St. Eve<br><br>Magistrate Ashman |

## DECLARATION OF JAMES EGAN

I, James Egan, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1. I am a principal in the Certified Public Accounting firm of James Egan & Associates, Ltd. ("Egan"). I am familiar with the billings to the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Welfare Fund ("Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program ("Trainee Fund"), and the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund") (collectively "the Trust Funds"), including fees and expenses incurred in connection with auditing the books and records of signatory companies.

2. In connection with efforts to obtain and conduct an audit of the books and records of Ross Midwest, Inc. ("Defendant"), the Trust Funds incurred $301.50 in fees and expenses through March 31, 2008. These efforts were comprised of preparation for the audit, communications with the Defendant and follow-up communications with the Trust Funds and its agents.

3. Defendant has not produced books and records for Egan to complete its audit engagement and has not responded to further requests by Egan for documents.

4. The audit fees and expenses charged to the Trust Funds in this matter are consistent with Egan's regular charges for services to the Trust Funds on similar matters.

5. I have personal knowledge of the matters stated in this declaration and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____
James Egan

08C 283

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND, et al. )
)
          Plaintiffs, ) Case No. 08 C 283
v. )
) Judge St. Eve
ROSS MIDWEST, INC. and C. GREGORY )
INGOLD, ) Magistrate Ashman
)
          Defendants )

## DECLARATION OF JAMES ROSEMEYER

I, James Rosemeyer, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1. I am the Contributions Manager for the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Welfare Fund ("Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program ("Trainee Fund") and the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund") (collectively "the Trust Funds").

2. As part of my duties, I am responsible for supervising and enforcing contributions for medical, pension and other benefits due from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Trust Funds and pursuant to the Trust Agreements.

3. On March 2, 2003, ENVIRONMENTAL SUCCESS CONSTRUCTION, INC., ("Defendant") and the Chicago and Northeast Illinois District Council of Carpenters entered into the Collective Bargaining Agreement pursuant to which Defendant agreed to make contributions

to the Trust Funds. A true and accurate copy of this Memorandum of Agreement is attached as Exhibit 1.

4. Defendant agreed to submit to a periodic audit of its books and records in order to verify the accuracy of the contributions reported and paid to the Trust Funds.

5. Defendant has refused to produce all records and books necessary for the Trust Funds to conduct an audit of Defendant's fringe benefit contributions.

6. Because Defendant failed to comply with the terms of the Collective Bargaining Agreement and related Trust Agreements, the Trust Funds have had to employ the services of McJessy, Ching & Thompson, LLC. As a result, the Trust Funds incurred additional audit fees and attorneys' fees.

7. I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER DECLARANT SAYETH NOT.

_____
James Rosemeyer

08 C 283

# EXHIBIT A

# AGREEMENT

FIRM _Ross Midwest, Inc_     Address _1655 Mittel Blvd, R_

City _Wood Dale_     State _IL_     Zip _60191_     Phone _708 350 0810_

THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE MC HENRY AND WILL COUNTIES, ILLINOIS, hereinafter sometimes referred to as the "UNION" and

_Ross Midwest, Inc_
hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1. EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2. EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 3 hereof and all rules and regulation adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3. EMPLOYER and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

4. EMPLOYER and the UNION hereby agree to be bound by the Area Agreements negotiated between the Chicago and Northeast Illinois District Council of Carpenters and the various Employer Associations for the period beginning with the expiration date of the several Agreements referred to in numbered paragraph 3 thereof and ending on the expiration dates of any sucessor Agreements thereto from year to year thereafter unless the Employer gives written notice to the UNION of a desire to amend or terminate any of such Agreements at least three calendar months prior to the expiration of such Agreement or Agreements.

IN WITNESS WHEREOF, the parties have executed this Agreement the __2d__ day of __March__, 19__93__.

EMPLOYER: __Ross Midwest, Inc__   CHICAGO AND NORTHEAST ILLINOIS
                                   DISTRICT COUNCIL OF CARPENTERS

BY: __Michael W. Rossell__  __President__
   (Print or Type Name)    (Title)

__(Signatures)__                 _____
                                 Business Representative
                                 Carpenters Local 363
                                 Randy R. Meyer

page 2 of 2

*08C283*
# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROSS MIDWEST, INC. and C. GREGORY INGOLD,<br><br>Defendants | Case No. 08 C 283<br><br>Judge St. Eve<br><br>Magistrate Ashman |

### ORDER

Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendants ROSS MIDWEST, INC. and C. GREGORY INGOLD ("Defendants"). Defendants are hereby ordered:

A. to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendants' fringe benefit contributions;

B. to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C. to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F. to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and

G. to award the Trust Funds such other and further relief as the Court deems just and equitable.

Plaintiffs shall serve a copy of this Order on Defendants.

_____  _____
Date                  Judge St. Eve