UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. | ) ) ) | Case No. 08 C 283 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge St. Eve |
| ROSS MIDWEST, INC. and C. GREGORY INGOLD, | ) ) ) | Magistrate Ashman |
| | ) | |
| Defendants | ) | |

## MOTION FOR RULE TO SHOW CAUSE FOR C. GREGORY INGOLD

Plaintiffs, Chicago Regional Council of Carpenters Pension Fund, et al. ("Trust Funds"),

by their attorney Kevin P. McJessy, hereby move this Court for an order setting a rule to show

cause hearing at which Ross Midwest, Inc. and C. Gregory Ingold, ("Defendants") by Ross

Midwest, Inc.'s President, C. Gregory Ingold, ("Mr. Ingold") should show cause why he should

not be held in contempt for failing to comply with this Court's prior order directing Defendants

to submit to an audit. In support of their motion, the Trust Funds hereby state as follows:

1.      The Trust Funds filed this lawsuit seeking, among other relief, an order to compel

Defendants (1) to submit to an audit, (2) to pay all amounts found due and owing as a result of

the audit, (3) and to pay audit fees, attorneys' fees and either double statutory interest or statutory

interest and liquidated damages.

## DEFAULT JUDGMENT ENTERED

2.      Defendants failed to file an answer or otherwise plead and Trust Funds filed a

motion seeking a default judgment against the Defendants.

3.    The Court entered an order for Defendants to make their books and records available for a compliance audit.  A copy of the Court's order is attached as Exhibit A.  The order specifically provided:

> Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund et al. ("Trust Funds") and against defendants ROSS MIDWEST, INC. and C. GREGORY INGOLD ("Defendants").  Defendants are hereby ordered:
>
> A.    to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendants' fringe benefit contributions;
>
> . . . .

(Order, June 2, 2008, Exh. A)

## DEFENDANTS FAILED TO COMPLY WITH COURT ORDER

4.    Thereafter, a copy of the Court's Order directing Defendants to submit to an audit was sent by UPS Overnight Delivery to Mr. Ingold.  (See cover letter to Mr. Ingold dated June 4, 2008, Exh. B)

5.    Despite the Order, Defendants have failed to submit to an audit.

6.    Defendants have repeatedly refused to comply with this Court's Order.  Trust Funds have been reasonable in trying to accommodate the Defendants and have made attempts to resolve this matter without success.

## REQUESTED RELIEF

7.    The president of a corporation can properly be held in contempt of court where a corporation does not comply with a court order.  *Robert B. Reich v. Sea Sprite Boat Company, Inc.*, 50 F.3d 413, 417 (7th Cir. 1995) (*citing Wilson v. United States*, 221 U.S. 361, 376 (1911).

8.    Trust Funds request that the Court enter an order (1) setting a rule to show cause hearing for September 4, 2008, and (2) ordering that Mr. Ingold, President of the Defendant

corporation, personally appear at the hearing and show cause why he should not be held in contempt for failing to comply with the Court's June 2, 2008, Order. A draft proposed order is attached hereto as Exhibit C.

WHEREFORE, Plaintiffs the Chicago Regional Council of Carpenters Pension Fund, et al. move the Court to enter an order:

a)      setting a hearing for a Rule to Show Cause for September 4, 2008;

b)      ordering that Mr. Ingold, President of the Defendant corporation, personally appear at the hearing and show cause why he should not be held in contempt for failing to comply with the Court's June 2, 2008, Order;

c)      ordering that all terms of this Court's June 2, 2008, Order shall remain in full force and effect; and

d)      awarding such other relief as the Court deems just and appropriate.

Respectfully submitted,

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, et al.,


By:  s/ Kevin P. McJessy
One of the Attorneys for Plaintiffs

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 N. Ravenswood, Ste. 231
Chicago, Illinois  60613
(773) 880-1260
(773) 880-1265 facsimile

## CERTIFICATE OF SERVICE

I, Kevin McJessy, state that I caused the foregoing **Motion For Rule To Show Cause for C. Gregory Ingold** to be served upon

Gregory Ingold, President
Ross Midwest, Inc.
2001 Kaneville Road
Geneva, IL 60134

C. Gregory Ingold
2001 Kaneville Road
Geneva, IL 60134

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois with postage prepaid on this 4th day of August 2008.

By:   s/ Kevin P. McJessy
        Kevin P. McJessy

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(312) 880-1260

4

08 C 283

# EXHIBIT  A

1.                                                                                          1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS    )
PENSION FUND, et al.                                            )
                                                                           )    Case No. 08 C 283
                                 Plaintiffs,                          )
v.                                                                       )    Judge St. Eve
                                                                           ))
ROSS MIDWEST, INC. and C. GREGORY INGOLD,      )    Magistrate Ashman
                                                                           )
                                 Defendants                        )

## ORDER

Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendants ROSS MIDWEST, INC. and C. GREGORY INGOLD ("Defendants"). Defendants are hereby ordered:

A.    to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendants' fringe benefit contributions;

B.    to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C.    to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records;

D.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F.    to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and

G.    to award the Trust Funds such other and further relief as the Court deems just and equitable.

Plaintiffs shall serve a copy of this Order on Defendants.

June 2, 2008
Date                                    Judge St. Eve

08C283

# EXHIBIT B

# MCJESSY, CHING & THOMPSON LLC

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

Kevin P. McJessy
3759 N. Ravenswood, Ste. 231
Chicago, Illinois 60613
(773) 880-1260 DIRECT
(773) 880-1260 MAIN
(773) 880-1265 FAX
mcjessy@MCandT.com

**VIA UPS OVERNIGHT DELIVERY**

June 4, 2008

C. Gregory Ingold, President
Ross Midwest, Inc.
2001 Kaneville Road
Geneva, Illinois 60134

RE:    Chicago Regional Council of Carpenters Pension Fund, et al. v. Ross Midwest, Inc. and
C. Gregory Ingold., Case No. 08 C 283

Dear Mr. Ingold:

I am enclosing Judge St. Eve's order of default dated June 2, 2008 ordering Defendants to provide access to the books and records to James Egan & Associates, Ltd. To make arrangements for the audit, you may either contact our office at the number above or you may contact the auditor directly. The auditor is Marc Ragona and he may be reached at (708) 361-2050. If you do not comply with the Court's order, we will file a motion with the Court asking that you be held in contempt of Court.

By our records, you are not represented by counsel. If you are represented by counsel, please provide me with his or her name and telephone number and I will direct all future communications accordingly.

I look forward to your prompt attention to this letter.

Sincerely,

MCJESSY, CHING & THOMPSON, LLC

Kevin P. McJessy

KPM/smk

Enclosure

cc:    James Rosemeyer (via facsimile)

1.                                                                                           1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. | ) ) ) | |
| | ) | Case No. 08 C 283 |
| Plaintiffs, | ) | |
| v. | ) ) | Judge St. Eve |
| | )) | |
| ROSS MIDWEST, INC. and C. GREGORY INGOLD, | ) ) | Magistrate Ashman |
| Defendants | ) | |

### ORDER

Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendants ROSS MIDWEST, INC. and C. GREGORY INGOLD ("Defendants"). Defendants are hereby ordered:

A.    to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendants' fringe benefit contributions;

B.    to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C.    to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records;

D.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F.    to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and

G.    to award the Trust Funds such other and further relief as the Court deems just and equitable.

Plaintiffs shall serve a copy of this Order on Defendants.

June 2, 2008
Date                                    Judge St. Eve

08C 283
# EXHIBIT  C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROSS MIDWEST, INC. and C. GREGORY INGOLD,<br><br>Defendants | )<br>)<br>)  Case No. 08 C 283<br>)<br>)  Judge St. Eve<br>)<br>)  Magistrate Ashman<br>)<br>)<br>)<br>) |

## ORDER

WHEREAS, Plaintiffs the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds"), filed a motion for a rule to show cause why Ross Midwest, Inc. and C. Gregory Ingold should not be held in contempt for failing to comply with this Court's June 2, 2008, Order directing Ross Midwest, Inc. and C. Gregory Ingold to make its books and records available to James Egan & Associates, Ltd., in order for James Egan & Associates, Ltd. to conduct an audit of Ross Midwest, Inc. and C. Gregory Ingold's fringe benefit contributions;

WHEREAS, the Court granted the Trust Funds' motion for rule to show cause;

IT IS HEREBY ORDERED that Defendants, Ross Midwest, Inc. and C. Gregory Ingold, by and through the corporation's president, **C. Gregory Ingold**, are hereby ordered to appear before this Court, in Courtroom 1241 of the Everett Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois on September 4, 2008 at 8:30 a.m. and show cause why C. Gregory Ingold should not be held in contempt of Court for failing to comply with this Court's prior Order; and

IT IS HEREBY FURTHER ORDERED that a copy of this Order be served on C. Gregory Ingold at least three (3) days prior to the rule to show cause hearing.

Dated: _____          _____
                                                                  Judge Amy J. St. Eve.