UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND, et al. )
                                                                              ) Case No. 08 C 283
              Plaintiffs, )
v. )  Judge St. Eve
                                                                              )
ROSS MIDWEST, INC. and C. GREGORY )
INGOLD, )
                                                                              )
              Defendants

## MOTION FOR ENTRY OF FINAL JUDGMENT ORDER

       Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, ET AL. (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move this Court pursuant to Federal Rules of Civil Procedure 54, 55 and 58 to enter a final judgment against ROSS MIDWEST, INC. an Illinois corporation, ("Ross") and C. GREGORY INGOLD ("Ingold") (collectively "Defendants"). In support of their motion, Plaintiffs state as follows:

## COMPLAINT

       1.    The Trust Funds filed a complaint against the Defendants under ERISA to compel an audit of Defendants' books and records, for collection of unpaid contributions, interest and liquidated damages, for attorneys' fees and auditors' fees pursuant to the collective bargaining agreements and the trust agreements to which Defendant Ross is signatory. Because Ross was dissolved, Ingold, the company's president was named in this lawsuit individually.

## DEFAULT JUDGMENT OF JUNE 2, 2008

       2.    Defendant was served with a copy of the summons and complaint. Defendants failed to answer or appear.

3. On June 2, 2008, this Court entered a default judgment against Defendants which provided, in part, that:

> Pursuant to Federal Rule of Civil Procedure 55, a judgment by default is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendants ROSS MIDWEST, INC. and C. GREGORY INGOLD ("Defendants"). Defendants are hereby ordered:
>
> A. to provide the Trust Funds or their designated auditors, James Egan & Associates, Ltd., complete access to Defendants' books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendants' fringe benefit contributions;
>
> B. to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;
>
> C. to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records;
>
> D. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);
>
> E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;
>
> F. to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and
>
> G. to award the Trust Funds such other and further relief as the Court deems just and equitable.

A copy of the default judgment is attached hereto as Exhibit D.

**RULES TO SHOW CAUSE**

4. Defendant was subsequently served with a copy of the order but failed to submit to an audit.

5. Trust Funds filed a rule to show cause which was heard by this Court on November 19, 2008. Thereafter, Defendant Ingold failed to appear in court at the rule to show cause hearing on December 11, 2008 but did subsequently appear in court. Moreover, Mr.

Ingold did thereafter provide records to Legacy Professionals, LLP ("Legacy"), the auditors who were engaged to perform the audit of Defendants' books and records.

**DEMAND ON AUDIT**

6. Legacy completed an audit of Defendants' books and records based on the information provided to them by Ross and Mr. Ingold.

7. On August 4, 2009, the Trust Funds forwarded the audit report to Mr. Ingold and asked for any disputes to the audit on or before August 20, 2009 along with any supporting documentation. *See Correspondence from K. McJessy to G. Ingold*, Aug. 5, 2009 (without enclosures), Exhibit E. Mr. Ingold has not responded to the audit report.

**FINAL JUDGMENT**

8. The Trust Funds now move this Court to enter a final judgment. The amount owed by Defendants is $298,824.67, which includes $202,502.95 in unpaid contributions, $40,037.06 in interest, $40,500.59 in liquidated damages, $7,149.50 in auditors' fees, and $8,634.57 in attorneys fees as follows:

    A. $202,502.95 in unpaid contributions pursuant to the audit; *see* Decl. of J. Libby, ¶6, Exhibit A; Decl. of C. Kogut, ¶3, Exhibit B;

    B. $7,149.50 for auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records; *see* Decl. of J. Libby, ¶6, Exhibit A; Decl. of C. Kogut, ¶2, Exhibit B;

    C. $40,037.06 in interest under ERISA on the amount that is due; *see* 29 U.S.C. § 1132(g)(2)(B); 29 U.S.C. § 1132(g)(2)(C); Decl. of J. Libby, ¶7, Exhibit A;

    D. $40,500.59 in liquidated damages; *see* Decl. of J. Libby, ¶7, Exhibit A; and

    E. $8,634.57 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); *see* McJessy Decl., ¶4, Exhibit C).

9. A proposed draft order is attached as Exhibit F.

WHEREFORE, Plaintiffs the Chicago Regional Council of Carpenters' Fund et al. hereby move this Court to enter judgment in their favor and against Defendants Ross Midwest, Inc. and C. Gregory Ingold in the amount of $298,824.67 as follows:

A. $202,502.95 in unpaid contributions pursuant to the audit;

B. $7,149.50 for auditor's fees of incurred by the Trust Funds to complete the audit of Defendants' books and records;

C. $40,037.06 in interest under ERISA on the amount that is due;

D. $40,500.59 in liquidated damages;

E. $8,634.57 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

F. reasonable attorney' fees and costs incurred by the Trust Funds in enforcing this order; and

G. such other relief as this Court deems appropriate.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND et al.

By: __s/ Kevin P. McJessy__
      One of their attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Motion for Entry of Final Judgment** to be served upon

Ross Midwest, Inc.
c/o C. Gregory Ingold, President
2001 Kaneville Road
Geneva, IL 60134

C. Gregory Ingold
2001 Kaneville Road
Geneva, IL 60134

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, this 31st day of August 2009.

                                                      s/ Kevin P. McJessy
                                                    Kevin P. McJessy